THE STATE OF OHIO, APPELLANT, *v.* BOWEN, APPELLEE.

(No. 76-1329—Decided October 26, 1977.)

28

Mr. *Stephan M. Gabalac,* prosecuting attorney, and Mr. *Carl M. Layman, III,* for appellant.

Mr. *Leland D. Cole,* for appellee.

LOCHER, J. In *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, 49, this court, in considering the validity of a plea, referred to the following statement in *Machibroda* v. *United States* (1962), 368 U. S. 487, 493:

" '* * * A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void. A conviction based upon such a plea is open to collateral attack. See *Walker* v. *Johnston,* 312 U. S. 275; *Waley* v. *Johnston,* 316 U. S. 101; *Shelton* v. *United States,* 356 U. S. 26, reversing 246 F. 2d 571. "A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." *Kercheval* v. *United States,* 274 U. S. 220, 223.' "

The United States Supreme Court, in *Kercheval* v. *United States* (1927), 274 U. S. 220, 223-4, further stated:

"When one so pleads he may be held bound. * * * But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence."

In the case *sub judice* appellant promised to recommend to the court that the sentence be served concurrently with the sentence to be imposed if appellee is declared a parole violator. However, R. C. 2929.41 reads, in pertinent part:

"(A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment. In any case, a sentence of imprisonment for misdemeanor shall be served concurrently with a sentence of imprisonment for felony served in a state penal or reformatory institution.

"(B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

"* * *

"(3) When it is imposed for a new felony committed by a probationer, a parolee, or escapee."

Thus, appellant's recommendation as to sentencing and its qualified acceptance by the trial court were a mere nullity.

Appellant's contention, that the Court of Appeals erred in voiding the plea because appellant in accordance with the plea bargain did recommend concurrent sentences regardless of the explicit statutory interdiction, is without merit. Appellee's guilty plea and the inherent waiver of his fundamental constitutional rights were induced, in part, by appellant's promise to recommend to the court a statutorily proscribed act. Appellee's plea can be viewed neither as voluntary where induced by a promise, the very essence of which is nonperformable, nor as knowing where the fact of illegality was insufficiently delineated[*] and, there-

---

[*]The trial court, in sentencing, merely stated:

"It is the Court's further understanding that if, indeed, the Parole

fore, is void. *Machibroda* v. *United States, supra* (368 U. S. 487, 493).

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, P. Brown and Sweeney, JJ., concur.

Board does impose time from the standpoint of violation of parole, *the Court orders insofar as I am able,* that this sentence be served concurrently with and not consecutively with the time you may or may not get in relation to violation of parole. * * *" (Emphasis added.)