765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD L. NICHOLS, PETITIONER-APPELLEE,
v.
E.P. PERINI, SUPERINTENDENT AND THE ATTORNEY GENERAL, STATE
OF OHIO, RESPONDENTS-APPELLANTS.
 NO. 84-3777
 United States Court of Appeals, Sixth Circuit.
 5/24/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and GUY, District Judge.*
 PER CURIAM.
 
 
 1
 Respondents appeal from the order of the district court, which adopted the magistrate's Report and Recommendation, granting petitioner's application under 28 U.S.C. Sec. 2254 for a writ of habeas corpus.
 
 I.
 
 2
 In January, 1979, while on parole, petitioner was arrested by Ohio authorities in connection with various theft offenses. Thereafter, petitioner pleaded guilty to four counts of burglary and one count of breaking and entering pursuant to a plea agreement whereby the state agreed to dismiss fifteen counts of breaking and entering. The petitioner's plea was accepted by the trial court pursuant to the requirements of Rule 11 of the Ohio Rules of Criminal Procedure. During a sentencing hearing on July 5, 1979, the court sentenced petitioner 'on counts 1, 2, 3 and 4 for a term of not less than three (3) nor more than fifteen (15) years, and on count No. 7, . . . for a term of not less than one (1) nor more than five (5) years, and they will be ordered to be served consecutively.' Because of confusion over the actual sentence imposed, the court thereafter issued a nunc pro tunc order purportedly clarifying that all sentences were to be served consecutively.
 
 
 3
 Following various unsuccessful post-trial petitions, the petitioner filed the present application for habeas corpus relief. On June 11, 1984, the district court issued the writ of habeas corpus based on the magistrate's Report and Recommendation which found that petitioner's plea of guilty had not been knowingly and voluntarily entered because petitioner was not informed before entering his plea that his new sentences were required to be served consecutively by operation of Ohio Rev. Code Ann. Sec. 2929.41.
 
 II.
 
 4
 Although the respondents have raised multiple issues on appeal, we have determined that the district court's opinion must be reversed on the basis of the magistrate's erroneous interpretation of Ohio Rev. Code Ann. Sec. 2929.41, which provides, in pertinent part, as follows:
 
 
 5
 (A) Except as provided in division (B) of this section, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or of the United States.
 
 
 6
 .............................................................
 
 
 7
 ...................
 
 
 8
 * * *
 
 
 9
 (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:
 
 
 10
 (1) When the trial court specifies that it is to be served consecutively;
 
 
 11
 * * *
 
 
 12
 * * *
 
 
 13
 (3) When it is imposed for a new felony committed by a probationer, parolee or escapee;
 
 
 14
 The magistrate interpreted section 2929.41(B)(3) to require 'that all sentences run consecutively with each other.' The magistrate held that because there could be 'no dispute that [petitioner] was totally unaware that state law mandated consecutive sentences,' the petitioner was not sufficiently aware of the consequences of his plea.
 
 
 15
 In our opinion, the magistrate erred in his reliance on State v. Bowen, 52 Ohio St.2d 27, 368 N.E.2d 843 (1977). In Bowen, the state prosecutor agreed, as part of the plea bargain, to recommend that appellee's sentence on the charge at bar be served concurrently with any sentence resulting from appellee's being declared a parole violator. Because section 2929.41 expressly forbids concurrent sentencing in such a situation, the Ohio Supreme Court held that the appellee's plea was neither voluntary nor knowing.
 
 
 16
 This is not the situation presented by the instant case.[1] Here, the magistrate interpreted section 2929.41 to require consecutive sentences for all the new convictions.
 
 
 17
 The Ohio Supreme Court has apparently never ruled on this issue. However, at least two Ohio Court of Appeals cases refute the magistrate's interpretation. See Ohio v. Detwiler, No. 2-83-19 (3d Dist. June 19, 1984) and State v. Diamond, No. 43041 (8th Dist. July 2, 1981).[2] Although these decisions are not binding in the present case, we think they represent persuasive authority. See Simpson v. Jefferson Standard Life Insurance Co., 465 F.2d 1320, 1323 (6th Cir. 1972). In addition, our own reading of the statute convinces us that subsection (B)(3) applies only to the sentence involved in the parole violation and that whether the sentences for the new felonies are to be served concurrently or consecutively to each other is within the discretion of the trial court pursuant to subsection (B)(1).
 
 III.
 
 18
 Because the magistrate concluded that petitioner was unaware of the consequences of his plea based on his erroneous interpretation of section 2929.41, we REVERSE the decision of the district court and REMAND for a determination consistent with this opinion as to whether petitioner's plea was in fact entered into knowingly.
 
 
 
 *
 The Honorable Ralph B. Guy, Jr., Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 At oral argument, counsel maintained that petitioner was unaware that any sentence he might receive for violation of parole would have to be served consecutively to his new sentences. As it appears that this cotention was not raised below, see App. at 188-89, we decline to consider this argument
 
 
 [2]
 The petitioner argues that the decision of the Ohio Court of Appeals affirming the dismissal of his post-conviction petition in Ohio v. Nichols, No. 80-C-5 (7th Dist. October 21, 1980) supports the magistrate's interpretation and represents the law of the case. However, the court's discussion of section 2929.41 in that case can only be characterized as dicta as it relates to petitioner's present claim. The court therein did not even discuss the issue raised here