OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, granting the motion for summary judgment filed by plaintiff-appellee, State of Ohio, thereby dismissing the petition for post-conviction relief filed by defendant-appellant, Thomas A. Kemp.
Appellant was arrested on November 4, 1988, after he shot Thomas A. Deno (the victim) to death upon finding that the victim had married appellant's step-daughter, Lone D. Elder (Elder). Appellant was subsequently charged with one count of aggravated murder, in violation of R.C. 2903.01 (A), and a second count of aggravated murder, in violation of R.C. 2903.01 (B). Both of these counts had attendant death penalty specifications. Appellant was also charged with two counts of kidnaping, in violation of R.C. 2905.01 (B) (2), and two counts of felonious assault, in violation of R.C. 2903.11 (A) (2). There were firearm specifications attendant to all charges set forth in the indictment.
Appellant entered into plea negotiations whereby he agreed to plead no contest to the charges against him in exchange for the prosecutor's agreement to drop the death penalty specifications. Appellant was found guilty of all charges and sentenced to serve an indefinite incarceration term of not less than twenty years, nor more than life for each of the aggravated murder charges; an indefinite incarceration term of not less than ten years, nor more than twenty-five years for each of the kidnaping charges; and an indefinite incarceration term of not less than eight years, nor more than fifteen years for each of the felonious assault charges. The latter sentences were to be served concurrently with the sentence for the first aggravated murder count. The trial court also imposed a three-year actual incarceration term for the firearm specification on the first aggravated murder count thereby merging all firearm specifications set forth in the indictment.
Appellant subsequently appealed his conviction to this court and this court affirmed the trial court's judgment. State v. Kemp
(Feb. 13, 1990), Mahoning App. No. 89 C.A. 43, unreported. On August 28, 1996, appellant filed a petition for post-conviction relief. Appellee filed a motion for summary judgment on April 24, 1997, and the trial court granted such motion, thereby dismissing appellant's petition for post-conviction relief, on April 29, 1997. Appellant filed his motion in opposition to appellee's motion for summary judgment on May 1, 1997, however since the trial court had rendered its decision on appellee's motion it obviously did not consider appellant's opposition to same. This appeal followed.
Appellant sets forth four assignments of error on appeal.
Appellant's first assignment of error alleges:
 "The trial court erred in granting respondent/appellee's motion for summary judgment."
In Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, the Ohio Supreme Court held that a trial court must consider all of the evidence before it rules on a motion for summary judgment, and that a trial court should strictly adhere to the requirements of Civ.R. 56 (C). In Keiber v. Spicer Construction Co. (Nov. 8, 1995), Greene App. No. 94 C.A. 95, unreported, the court discussed the time requirements of Civ.R. 56, stating:
 "The time frame for filing summary judgment motions and responses thereto is set forth in Civ.R. 56 (C) which states, in part: `The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits.' It is well-established that a trial court is not required to conduct an oral hearing on all summary judgment motions. See Potter v. Troy
(1992), 78 Ohio App.3d 372. However, the rule requires that the opposing party be given at least fourteen days from the date of service to respond to a summary judgment motion, even if no oral hearing is conducted."
In the present case, appellee filed its motion for summary judgment on April 24, 1997 and the trial court granted same on April 29, 1997. Appellant filed his motion in opposition to appellee's motion with the trial court on May 1, 1997, well within the prescribed time period set forth in Civ.R. 56 (C), but after the trial court had granted appellee's motion. Therefore, the trial court erred by failing to provide appellant with an opportunity to respond to appellee's motion for summary judgment in accordance with the requirements of Civ.R. 56 (C), before granting same. Keiber, supra.
This court cannot determine whether any genuine issues of material fact remained upon which to base a grant or denial of summary judgment because the trial court's failure to strictly adhere to the fourteen day response requirement, pursuant to Civ.R. 56 (C), in itself, dictates that we reverse the ruling of the trial court in this regard. Murphy, supra.
Appellant's first assignment of error is found to be with merit.
Since appellant's second and third assignments or error are interrelated and have a common basis in law and fact, they will be discussed together. We note that, appellant did not raise the issue of ineffective assistance of counsel or conflict of interest on direct appeal presumably because he had the same counsel on direct appeal that he had during his trial. Therefore, these issues are not barred by res judicata.
Appellant's second and third assignments of error allege respectively as follows:
 "The trial court erred in dismissing appellant's petition for postconviction relief without affording the appellant an evidentiary hearing.
 "The trial court erred in not conducting it's (sic} affirmative duty to inquire into whether the possibility of a conflict of interest actually exists."
R.C. 2953.21 states, in pertinent part:
 "(A) (1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
"* * *
 "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court."
Additionally, in State v. Jackson (1980), 64 Ohio St.2d 107,111, the Ohio Supreme Court held:
 "Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness."
A trial court is under a duty to inquire when it knows or reasonably should know that there is a possible conflict of interest. State v. Dillon (1995), 74 Ohio St.3d 166. However, the Ohio Supreme Court, in State v. Gillard (1997), 78 Ohio St.3d 548, held that the United States Constitution is only violated when there is an actual conflict of interest, and not a possible one.
In the present case, appellant put forth evidence indicating that his defense attorney represented Elder, a prosecution witness, in a number of legal matters including a name change, the filing of a real estate deed, and in a simple probate action. Appellant also demonstrated that his defense attorney and Elder maintained a personal relationship. Elder's interest was adverse to his because she was widowed after appellant shot and killed her husband.
Appellee argues that appellant did not put forth operative facts which demonstrated that he was entitled to relief. Appellee contends that there was no proof that Elder's interest was adverse to appellant. Appellee maintains that Elder was appellant's step-daughter and therefore, had a close relationship with him. This closeness was evidenced by the fact that Elder never sought retribution against appellant and stated that she forgave him. Appellee also states that Elder expressed concern when she learned that appellant could possibly receive the death penalty for his crime.
Given that appellant supplied the necessary documents and affidavits demonstrating that his defense attorney represented him under a possible conflict of interest, appellant met his burden under Jackson, supra, and was entitled to an evidentiary hearing. Therefore, the trial court violated R.C. 2953.21 (E) when it did not conduct an evidentiary hearing before granting appellee's motion for summary judgment. Furthermore, appellant established a possible conflict of interest, so the trial court had an affirmative duty to inquire into the nature of such conflict, and committed reversible error when it did not so inquire. Ciak, supra.
Appellant's second and third assignments of error are found to be with merit.
Appellant's fourth assignment of error alleges:
 "Appellant was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
Appellant presents four issues under his fourth assignment of error.
Appellant's first issue states:
 "Whether a criminal defendant is denied the effective assistance of counsel in violation of his constitutional right, where the record indicates that counsel used coercion, misinformation, and gave false promise to defendant in order to obtain a no contest plea and resulting waiver of constitutional rights and protections."
In State v. Bowen (1977), 52 Ohio St.2d 27, the Ohio Supreme Court stated that a plea shall not be accepted unless it is voluntarily made after the defendant is made aware of and understands the consequences. Furthermore, the Ohio Supreme Court in State v. Kapper (1983), 5 Ohio St.3d 36, held that ineffective assistance of counsel may be found in a petition for postconviction relief when the petitioner demonstrates that a plea was obtained through coercion.
Appellant argues that his defense attorney used coercion and supplied misinformation to obtain his no contest plea. Appellant contends that his defense attorney coerced him by making him read material which described what the human body undergoes during electrocution. Appellant also alleges that his defense attorney misinformed him by stating that the exculpatory material, which was essential to his defense, was unavailable. Appellant further argues that his defense attorney told him that he would only be pleading to one count of aggravated murder when he actually pled no contest to all of the charges against him. Appellant maintains that these tactics rendered his plea void as he did not knowingly and voluntarily make such plea, and thus, he received ineffective assistance of counsel. Kapper, supra.
In State v. Cole (1982), 2 Ohio St.3d 112, 114, the Ohio Supreme Court stated:
 "Where ineffective assistance of counsel is alleged in a petition for postconviction relief, the defendant, in order to secure a hearing on his petition, must proffer evidence which, if believed, would establish not only that his trial counsel had substantially violated at least one of a defense attorney's essential duties to his client but also that said violation was prejudicial to the defendant."
Furthermore, there is a presumption of effective assistance of counsel. State v. Bradley (1989), 42 Ohio St.3d 136. A reviewing court cannot use the benefit of hindsight in determining whether a defendant received effective assistance of counsel. Stricklandv. Washington (1984), 466 U.S. 668.
In the case at bar, appellant entered into plea negotiations whereby he agreed to plead no contest to the charges in exchange for the prosecutor agreeing to drop the attendant death penalty specifications on the aggravated murder charges. This negotiation was fair because it prevented appellant from possibly facing the death penalty. Although appellant received life imprisonment for the charges, which may not have been the result he had hoped to receive, this court may not use the benefit of hindsight to find that appellant received ineffective assistance of counsel.Strickland, supra.
Appellant's first issue is found to be without merit.
Appellant's second issue states:
 "Whether a criminal defendant is denied the effective assistance of trial counsel in violation of his constitutional rights, where the record indicates that defendant's counsel failed to protect defendant's procedural rights and safeguards by: (1) not compelling the prosecution to elect upon which aggravated murder, charged under R.C. § 2903.01 (A) or (B), that the state would pursue prior to a no contest plea, resulting in convictions of both when there is a single offense allowed by law, and (2) where, upon acceptance of plea, counsel failed to petition the court to convene the three-judge panel that Crim.R. 11(C) (3) mandates to consider the circumstances of the case and the possibility of lesser included offenses."
Appellant states that he was charged with aggravated murder under R.C. 2903.01 (A) and (B). Appellant argues that he received ineffective assistance because his defense attorney did not force the prosecutor to choose which section to charge him under, and as a result he was charged and convicted under both R.C. 2903.01
(A) and (B). Appellant also argues that his defense attorney was ineffective because he failed to request that the trial court convene a three judge panel under Crim.R. 11 (C) (3).
In State v. Williams (1977), 51 Ohio St.2d 112, 117, the Ohio Supreme Court held that, "an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."
In the present case, appellant did not object to being charged under both R.C. 2903.01 (A) and (B) in his petition for post-conviction relief. Therefore, appellant is precluded from raising this issue on appeal. Williams, supra.
In State v. Post (1987), 32 Ohio St.3d 380, the Ohio Supreme Court held that Crim.R. 11 (C) (3) (c) implicitly refers to the bifurcated proceedings for capital cases. In this case, the prosecutor dropped the attendant death penalty specifications associated with the aggravated murder charges, so there was no capital offense. Therefore, the trial court could not convene a three judge panel. Post, supra.
Appellant's second issue is found to be without merit.
Appellant's third issue states:
 "Whether a criminal defendant is denied the effective assistance of counsel in violation of his constitutional rights, where the record reflects that defendant's trial counsel failed to complete a thorough investigation surrounding the charges and facts of the case by advising and permitting the defendant to enter a no contest plea prior to court adjudication on crucial exculpatory material and disclosure motions before the court, thereby breaching his duty to defendant (sic) to explore all potential facts and evidence favorable to defense."
Appellant states that his defense attorney filed two separate motions, a motion for the disclosure of exculpatory material, and a motion to examine and inspect the grand jury transcripts of the testimony of Lori Beno and Bonnie Kemp. Appellant argues that both of these motions were essential to his defense, but his defense attorney recommended that he plead no contest before the trial court ruled upon such motions, rendering them moot, which resulted in ineffective assistance of counsel.
Appellant entered into plea negotiations whereby he agreed to plead no contest to the charges in exchange for the prosecutor's agreement to dismiss the attendant death penalty specifications attendant to the aggravated murder charges. This prevented appellant from possibly facing the death penalty. Furthermore, even though the plea negotiations did not result in the outcome for which appellant had hoped, this court cannot use the benefit of hindsight in determining whether appellant had ineffective assistance of counsel. Strickland, supra.
Appellant's third issue is found to be without merit.
Appellant's fourth issue states:
 "Whether a criminal defendant is denied the effective assistance of counsel in violation of his constitutional rights, where the record reveals that defendant's trial counsel labored under a conflict of interest by representing a victim/prosecution witness while simultaneously representing the defendant; thereby breaching the duty of loyalty owed defendant."
In Strickland, supra, the United States Supreme Court held that a conflict of interest constitutes deficient performance. As set forth in assignments of error two and three, the trial court must conduct an evidentiary hearing to determine whether appellant's counsel represented him under a conflict of interest. Once such hearing is conducted, the trial court can determine whether a conflict of interest existed upon which to base an ineffective assistance of counsel claim under Strickland, supra, which would be dispositive of this issue. Therefore, this court will not consider this issue at this time.
Appellant's fourth assignment of error is found to be without merit.
The judgment of the trial court is reversed and this matter is remanded in accordance with the law and consistent with this opinion.
Donofrio, J., concurs.
Vukovich, J., concurs.
APPROVED:
 _______________________________ EDWARD A. COX, PRESIDNG JUDGE