OPINION
Defendant-Appellant Arthur Dean Wells, appeals from the denial of his motion for post-conviction relief.
On September 2, 1988, Wells plead guilty to eight counts of a twenty-seven-count indictment based on a plea agreement with the State of Ohio. The charges plead to were rape of a child under thirteen, felonious sexual penetration, attempted disseminating of obscene materials to juveniles, creating nude child obscenity, attempted pandering of obscenity involving a minor, corruption of another with drugs, corrupting a minor and attempted corruption of a minor. The trial court sentenced Wells on September 23, 1988 to a jail term of fifteen to forty years. Wells did not directly appeal this judgment.
In 1996, Wells filed a motion for post-conviction relief based on the grounds that his plea was not voluntary, knowing or intelligent, ineffective assistance of counsel and recantation by some victims. The trial court overruled this motion without a hearing. On appeal, this court remanded for the trial court to hold a hearing only on the issue of whether Wells' guilty plea was induced by the trial court's promise of a capped sentence. The trial court held a hearing on this issue on September 18, 1998. On October 23, 1998, the trial court again overruled Wells' petition for post-conviction relief.
In overruling the petition, the visiting judge appointed to hear the matter noted that the petitioner's contention that his counsel had guaranteed a 10 year cap on his sentences was rebutted by his previous counsel's testimony that he had specifically told petitioner that Judge John Kessler would not promise a 10 year cap in exchange for his guilty pleas. Judge Neal Bronson then noted in his written opinion:
 Armed with this knowledge and experience, he proceeded through the plea with a hope, not the promise, that his sentence would be capped at 10 years. He then went through the sentencing after learning that the low end would be more than 10 years. The reason for this was Mr. Wells' satisfaction with the plea arrangement his counsel had negotiated. The court's informal inclination to cap the sentence at 10 years made the situation that much more attractive.
Wells appeals this judgment of the trial court denying his petition for post-conviction relief raising the following assignment of error:
 THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS PRESENTED DURING THE COURSE OF THE SEPTEMBER 18, 1998 POST-CONVICTION HEARING.
During the post-conviction relief hearing, Wells, his brother, and his trial counsel, Dennis Lieberman, all testified. Mr. Lieberman testified that Wells was indicted for twenty-seven counts. Additionally, the Prosecutor indicated there were more potential victims which could lead to more counts being filed. Mr. Lieberman worked out a deal with the Prosecutor wherein Wells would plead guilty to eight of the twenty-seven counts, three of which were lesser included charges, and the remaining counts would be dropped, as well as no further counts being filed. Further, Mr. Lieberman informally discussed sentencing with the judge, during which Judge Kessler said he would cap Wells' sentence at ten years "if nothing else came out of the Probation Report." Mr. Lieberman testified that he told Wells this was not a promise, but generally when a judge gives his informal opinion on sentencing, that is the sentence the defendant receives. In fact, Mr. Lieberman testified that in his career, never had the judge varied from the sentence originally stated. Wells plead as agreed.
Two weeks later, before sentencing, Mr. Lieberman again discussed sentencing with Judge Kessler in his chambers. At this point, the judge told Mr. Lieberman that he was going to sentence Wells to eighteen years minimum. After some discussion, the judge reduced it to fifteen, but refused to go any lower. Immediately thereafter, Mr. Lieberman relayed the sentence to his client. Wells was sentenced to fifteen to forty years and no objection to this sentence was made on the record.
Following redirect examination at the post-conviction hearing, the trial court questioned Mr. Lieberman about his discussion with Judge Kessler regarding sentencing. Mr. Lieberman confirmed that this informal type of discussion is frequently held in these cases, but is never on the record. In his experience, trial judges in Montgomery County almost never bind themselves to the sentence discussed until the actual time of sentencing. In particular, Mr. Lieberman testified that he understood that Judge Kessler did not intend to bind himself to the ten-year capped sentence in this case, and he relayed this to his client.
Mr. Wells testified that he was told by Mr. Lieberman if he did not enter a plea agreement, he could face up to sixty years in prison for the twenty-seven counts. Further, his understanding of the plea agreement was that his sentence would be capped at ten years. He stated that the first time he realized that he would be serving more time was during the sentencing. At this point, he testified that he tapped Mr. Lieberman on the shoulder and asked him why he was getting fifteen years, to which Mr. Lieberman responded he would explain later. The explanation later was that the judge had received pressure from the press to increase Wells' sentence.
Wells also testified that he was hearing impaired and had difficulty hearing the judge during the plea and sentencing. The record reflects Mr. Lieberman asking the judge once and the Prosecutor once to speak up so that Wells could hear them. However, Wells responded appropriately to every question asked of him by the judge.
During cross-examination, the prosecutor elicited testimony from Wells that he has several prior convictions on his record. In some of these cases he plead guilty to the charges. It is without question that Wells is not a stranger to the criminal justice system.
 I
A post-conviction petition is the method used when a defendant brings a constitutional challenge to his conviction. R.C. 2953.21(A)(1). There is a constitutional requirement that a plea entered in a criminal case must be made voluntarily, knowingly and intelligently. State v. Engle (1996), 74 Ohio St.3d 525,527. Since a post-conviction relief proceeding is civil in nature, a trial court's decision is not against the manifest weight of the evidence provided it is based on competent, credible evidence. State v. Wombold (Feb. 19, 1999), Montgomery App. No. 17191, unreported, p. 3, citing Seasons Coal v. Cleveland (1984),10 Ohio St.3d 77. In this regard, it is the duty of the trial court to judge the credibility of witnesses and determine the weight to be given their testimony. Id. An appellate court may not substitute its judgment for that of the trial court regarding the credibility of testimony. State v. Lillard (Oct. 24, 1997), Miami App. No. 97CA10, unreported, p. 2. In the present case, we must determine whether there was competent and credible evidence that Wells entered his plea voluntarily, knowingly and intelligently.
The requirements for guilty pleas are found in Crim. R. 11(C), which provides that the trial court must first determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved* * *" The trial court asked Wells on the record if any promises or threats were made to enter the plea and he responded negatively. Additionally, the maximum penalties for all of the offenses for which Wells entered his pleas were read into the record. After reviewing the record of the plea proceedings, it is clear that the trial court met all of the mandates of Crim. R. 11(C). That is not disputed in this case. However, we also must look at the totality of circumstances surrounding the plea to determine if it was voluntarily entered. State v. Colton (Nov. 20, 1989), Montgomery App. No. 10753, unreported, p. 4.
It is Wells' contention that he was "promised" by his attorney as relayed from the trial judge that his sentence would be capped at ten years. It is well settled that if a plea is induced by promises or threats then it is clearly not voluntary, and therefore void. See State v. Bowen (1977), 52 Ohio St.2d 27. However, in this case, Mr. Lieberman testified that Judge Kessler did not promise to cap Wells' sentence at ten years, and similarly, Mr. Lieberman did not promise Wells his sentence would be capped at ten years. Wells testified that he considered what Mr. Lieberman told him to be a promise and therefore his plea was not knowing and voluntary. Yet even the correspondence from Mr. Lieberman submitted by Wells demonstrates that no promises were made regarding his sentence. Furthermore, Mr. Lieberman testified he advised Wells before sentencing what the judge was going to sentence him and Wells made no mention of withdrawing his plea.
The trial court accepted Mr. Lieberman's testimony at the hearing regarding his discussions with Wells about sentencing. Mr. Lieberman stated that he relayed to Wells the probable
sentence Judge Kessler would give. He testified that he never indicated that the judge promised him, and he never promised this sentence to Wells. Furthermore, Wells acknowledged on the record during his plea that he could receive the maximum sentence for each count. Accordingly, Wells could not justifiably have believed that the trial judge was bound to cap his sentence at ten years. The testimony and letters from Mr. Lieberman constituted competent and credible evidence for the trial court's decision that Wells' plea was knowing and voluntary.
Based on the foregoing, Wells' only assignment of error is overruled. Judgment of the trial court is affirmed.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
R. Lynn Nothstine
Anthony Comunale
Hon. Adele Riley