This timely appeal comes for consideration upon the record in the trial court, the appellant's brief, and appellee's Motion to Remand. Appellant-defendant, Duane Richards (hereinafter "Richards"), appeals the decision of the Mahoning County Common Pleas Court, sentencing Richards to prison terms totaling twenty years for twenty counts of sexual misconduct involving his step-daughter. The issue before us is whether Richards was properly sentenced under the guidelines of Senate Bill 2. For the following reasons, we hold Richards was improperly sentenced under Senate Bill 2 and therefore the sentence imposed by the trial court is vacated and the case remanded for Richards to plead anew.
Richards pled guilty to eight counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4); eight counts of Felonious Sexual Penetration in violation of R.C. 2907.12(A)(1)(B); two counts of Rape in violation of R.C. 2907.02(A)(1)(b)(B); and two counts of Sexual Battery in violation of R.C. 2907.03(A)(5). In exchange for the guilty pleas the state recommended an eight year prison sentence. Richards agreed, through counsel, to be sentenced under the provisions of Senate Bill 2. The parties agree the events relating to counts one through eighteen all occurred before July 1, 1996 while counts nineteen and twenty both occurred after July 1, 1996.
The state does not oppose any of Richards' assignments of error and has filed a Motion to Remand in support of Richards' brief.
Richards asserts four assignments of error, the first of which alleges:
 The sentence of the trial court is void as the trial court judge, in sentencing the appellant, applied the provisions of Senate Bill 2 even though eighteen of the twenty crimes in the indictment were alleged to have occurred prior to July 1, 1996.
On July 13, 1999, a hearing was conducted by the trial court wherein counsel for Richards and the state agreed Richards should be sentenced under the provisions of Senate Bill 2. On September 16, 1999, the trial court sentenced Richards under the terms of Senate Bill 2 to the following: Three years imprisonment for counts one through eight, with those counts to be served concurrently with one another; seven years imprisonment for counts nine through sixteen with those counts to be served concurrently with one another; seven years each for counts seventeen and eighteen, with those counts to be served concurrently with one another; three years each for counts nineteen and twenty, with those counts to be served concurrently with one another. Richards was ordered to serve each block of sentences consecutively to one another, for a total of twenty years imprisonment.
Although he agreed to the sentence through counsel, it is now Richards' contention that he should not have been sentenced under Senate Bill 2 because eighteen of the twenty crimes he pled guilty to were committed prior to July 1, 1996.
In a decision released a full year before the trial court sentenced Richards, the Ohio Supreme Court explicitly ruled Senate Bill 2 does not apply to criminal actions committed prior to July 1, 1996. State v. Rush
(1998), 83 Ohio St.3d 53, 697 N.E.2d 634.
This court of appeals has already visited the issue of sentencing under Senate Bill 2, holding:
 "The Ohio Supreme Court has determined that the sentencing provisions of Am.Sub. S.B. No. 2 apply only to crimes committed on or after its effective date of July 1, 1996 and is not to be applied retroactively." State v. Rush (1998), 83 Ohio St.3d 53, 697 N.E.2d 634, paragraph two of the syllabus. State v. Crum (Sept. 28, 1999), Mahoning App. No. 96 C.A. 207, unreported.
In State v. Taogaga (Dec. 11, 2000), Cuyahoga App. No. 75055, unreported, a man convicted of a crime that occurred January 6, 1996 was given the choice by the trial court during his July 1998 sentencing hearing whether he wanted to be sentenced under the provisions of the old law or the provisions of Senate Bill 2. On the advice of his counsel, Taogaga chose to be sentenced under Senate Bill 2. Taogaga then appealed claiming ineffective assistance of counsel, for among other reasons, counsel's advice to be sentenced under Senate Bill 2. However, Taogaga'a appeal did not specifically cite the Rush decision which was released two days after his appeal was filed.
In Taogaga, the state argued Taogaga waived his right to be sentenced under the old law when he chose to be sentenced under Senate Bill 2, citing cases where a criminal defendant may waive the right to a speedy trial or to be present at sentencing. However, the Eighth District decided:
 "These cases do not stand for the proposition that a criminal defendant may agree to be sentenced contrary to law. Moreover, it is apparent that at the time of sentencing all of the involved parties were mistaken as to what the law was. State v. Rush was an intervening decision which clarified the law and which should be consistently followed and applied. The doctrine of waiver is subordinate to the overriding interest in the consistent and proper application of the law." "A mistake, uniformly held by all the parties, as to what sentencing law applied, resulted in a[n] [incorrect] sentence * * *." "Furthermore, Ohio law was improperly applied. Applying the wrong law can rarely be described as just."
Because he was sentenced under the provisions of Senate Bill 2 for crimes committed before July 1, 1996, Richards was improperly sentenced for counts one through eighteen. Therefore, Richards' first assignment of error is meritorious.
Richards' second assignment of error alleges:
 The appellant's pleas of guilty were not knowingly intelligent, and voluntary as they were induced by the appellee's promise, and the trial court's acceptance, of an act prohibited by statute.
Because he claims he was induced to make his plea to all twenty counts based upon an agreement proscribed by law, Richards contends his entire plea was not made knowingly, intelligent, and voluntary, even though counts nineteen and twenty were committed after July 1, 1996 and therefore eligible for sentencing under Senate Bill 2.
In State v. Bowen (1977), 52 Ohio St.2d 27, 29, 6 O.O.3d 112, 114,368 N.E.2d 843, 845, the court held:
 "* * * Appellee's guilty plea and the inherent waiver of his fundamental constitutional rights were induced in part by Appellant's promise to recommend to the court a statutorily proscribed act. Appellee's plea can be viewed neither as voluntary where induced by a promise the very essence of which is non-performable, nor as knowing where the fact of illegality was insufficiently delineated and, therefore, is void."
Applying the standards set forth in Bowen, Richards did not make a knowing and voluntary plea when he relied upon the proscribed act, sentencing under Senate Bill 2 for actions committed before July 1, 1996, when he made the plea agreement. All twenty counts were part of the same plea agreement, even though the events of charges nineteen and twenty occurred after July 1, 1996 and the implementation of Senate Bill 2.
It is not possible to go back and separate the eighteen counts for which Richards was improperly sentenced from the two counts for which hecould have been properly sentenced when all twenty counts were pled to as a block. Quite simply, Richard's plea, made as a whole, can hardly have been made knowingly, intelligent, and voluntary when 90% of the plea is void.
While it may seem as though a defendant would presumably choose to be sentenced under Senate Bill 2, there are reasons why it may be preferable not to be sentenced under Senate Bill 2. In State v. Rush, supra, footnote 2, the Supreme Court reasoned:
 "While under the old sentencing scheme, a defendant might receive a longer term of incarceration, that longer term was often indefinite and could be reduced by `good time' credit. Cite omitted. Under the new provisions, although a defendant's sentence may be shorter than the maximum indefinite sentence under the former scheme, it is a period of actual
incarceration not subject to reduction for `good time' and subject to extension for bad behavior. Cite omitted. Thus the state persuasively asserts that these variables will in many instances make it difficult, if not impossible, to calculate whether a defendant's sentence would truly be reduced under the terms of S.B. 2."
We note that as distasteful as it is for this court to reverse the plea of an individual who has made guilty pleas to twenty counts of sexual misconduct with his own step-daughter, even the reprehensible are entitled to proper administration of law.
 "* * * where a guilty plea is brought about by a promise that is legally impossible to fulfill, not only has the prosecution failed in its duty, but the defense counsel has rendered incompetent advice by not advising the defendant that portions of the plea bargain agreement are not legally fulfillable." State v. Aponte (Aug. 30, 2001), Franklin App. Nos. 99AP-695 and 99AP-696, unreported, citing State ex rel. Morris v. Mohn (S.C.W. Va. 1980), 165 W. Va. 145, 267 S.E.2d 443, 446.
Richards second assignment of error is well taken.
As Richards' first two assignments of error are meritorious and require a remand for a new plea, assignments of error three and four are moot.
Because the trial court improperly sentenced Richards under the guidelines of Senate Bill 2 and Richards did not make a knowingly, intelligent, and voluntary plea, the sentence of the trial court is vacated and this case is remanded for further proceedings according to law and consistent with this opinion.
Vukovich, P.J., Concurs in judgment only.
Donofrio, J., Concurs.