JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Defendant-appellant, Javier Vega ("defendant"), appeals pro se from the trial court's denial of his motion to correct judgment and journal entry to comply with Crim. R. 32(C). For the reasons that follow, we affirm.
 {¶ 3} Defendant was charged with seven counts as follows: attempted murder (count one); aggravated robbery (counts two and three); felonious assault (counts four and five); having a weapon while under disability (count six); and carrying a concealed weapon (count eight). All counts included one-and three-year firearm specifications. Count seven of the indictment pertained solely to a co-defendant.
 {¶ 4} Defendant entered a guilty plea on May 1, 2006 and was sentenced accordingly. The indictment was amended to delete the one-year firearm specification in counts one and two. Defendant then pled guilty to attempted murder with a three-year firearm specification; aggravated robbery with a three-year firearm specification; and having a weapon while under disability. In exchange, counts three, four, five, and eight were nolled. The court accepted defendant's plea in accordance with Crim. R. 32 and proceeded to sentence defendant on each count.
 {¶ 5} Defendant now appeals raising a sole assignment of error for our review, which states:
 {¶ 6} "I. The trial court's refusal to grant appellant's motion to correct judgment and journal entry to comply with Crim. R. 32(C) was an abuse of discretion and reversible error." *Page 4 
 {¶ 7} "[T]he judgment of conviction is a single document that * * * must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02."
 {¶ 8} Crim. R. 32(C) provides:
 {¶ 9} "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 10} Defendant maintains that his judgment of conviction was not final because the trial court did not enter a "finding of guilt" when it accepted his guilty pleas. However, the Ohio Supreme Court has noted:
 {¶ 11} "Unlike a plea of no contest, which requires a trial court to make a finding of guilt, a plea of guilty requires no finding or verdict." State v. Baker, 119 Ohio St. 3d 197, 200, 2008-Ohio-3330, internal citation omitted, citing Kercheval v. United States (1927), 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 ("A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence"); also, citing, State v. Bowen (1977), 52 Ohio St.2d 27, 28; see, also, Crim. R. 32.
 {¶ 12} The trial court's judgment of conviction contained all elements necessary to constitute a final and appealable order in compliance with Crim. R. 32(C). Accordingly, defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MELODY J. STEWART, J., and ANN DYKE, J., CONCUR. *Page 1