[Cite as *State v. Lofton*, 2015-Ohio-4641.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0035** |
| GERALD LOFTON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 92 CR 387.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Gerald Lofton,* Pro Se, PID# 31627-160, Federal Correctional Institution, Elkton, P.O. Box 10, Lisbon, OH 44432 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Gerald Lofton, appeals the denial of his Motion to Find Guilty Plea and Judgment Entry "<u>Void</u>" by the Trumbull County Court of Common Pleas. The issue before this court is whether an offender may void, twenty years after the fact, a conviction based on the trial court's failure to advise him of a possible license suspension during the plea colloquy. For the following reasons, we affirm the decision of the court below.

{¶2} On July 2, 1992, the Trumbull County Grand Jury indicted Lofton for Aggravated Trafficking, a felony of the third degree in violation of R.C. 2925.03(A)(1), arising out of the alleged sale of cocaine on or about June 10, 1992.

{¶3} On December 9, 1992, Lofton entered a plea of guilty to Attempted Aggravated Trafficking, a felony of the fourth degree in violation of R.C. 2923.02 and 2925.03(A)(1), carrying a potential penalty of: "1/2, 1, 1 1/2 years [in the appropriate penal institution] and up to $2,500.00 fine; $1,500.00 mandatory fine."

{¶4} On January 8, 1993, Lofton was sentenced to imprisonment "for the determinate period of six (6) months" and to "pay the cost of prosecution," while the mandatory fine was "waived due to indigency."

{¶5} On December 16, 2014, Lofton filed a Motion to Find Guilty Plea and Judgment Entry "Void" based on the Trial Court's Failure to "Notify and Impose" the Mandatory Driver's License Suspension upon the Defendant. Lofton contended that the trial court erred in accepting his guilty plea by failing to advise him of a mandatory license suspension and erred in imposing sentence by failing to include the mandatory license suspension. In light of these errors, Lofton sought "to have his guilty plea voided and/or have his judgment found void in part."

{¶6} On March 12, 2015, the State of Ohio filed an Answer in Opposition, to which Lofton filed a Reply on March 23, 2015.

{¶7} On March 30, 2015, the trial court issued a Judgment Entry denying Lofton's Motion. With respect to the sentence, the court found that, at the time Lofton committed the offense, R.C. 2925.03 "included only a *discretionary* driver's license suspension," not a mandatory one. Thus, "the court had discretion to impose a

2

suspension but chose not to." With respect to the validity of the guilty plea, the court found that Lofton "has not shown and cannot show any prejudicial effect" from the failure of the court to advise him of a possible license suspension during the plea colloquy.

{¶8} On April 13, 2015, Lofton filed a Notice of Appeal. On appeal, he raises the following assignment of error:

{¶9} "[1.] The Trial Court erred in not finding the guilty plea void, where the court failed to inform the Appellant during the plea hearing pursuant to Crim.R. 11(C)(2) that there was a 'possibility' of a driver's license suspension."

{¶10} Lofton's position is that "there has been a complete disregard of a statutory requirement, where the Trial Court failed to notify or mention the possibility of a driver's license suspension and this violation of Crim.R. 11(C)(2)(a) render[s] the guilty plea void." Appellant's brief at 4.

{¶11} The Ohio Supreme Court has recognized that, "on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence." *State v. Bowen*, 52 Ohio St.2d 27, 28, 368 N.E.2d 843 (1977), quoting *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).

{¶12} It is difficult to discern whether Lofton's Motion is properly characterized as a motion for postconviction relief or as a postsentence motion to withdraw a guilty plea. *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 ("[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged"); *State v. Bush*, 96 Ohio St.3d 235,

3

2002-Ohio-3993, 773 N.E.2d 522, ¶ 14 ("[p]ostsentence motions to withdraw guilty or no contest pleas and postconviction relief petitions exist independently"). While Lofton alleges a distinct constitutional violation, the authority cited in support of his Motion generally involves motions to withdraw a guilty plea. *E.g. State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509.

**{¶13}** Construed as either type of motion, Lofton's Motion was properly denied.

**{¶14}** As a motion for postconviction relief, Lofton's Motion was untimely by over twenty years. R.C. 2953.21(A)(2) ("the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal"). As a postconviction motion, Lofton's Motion also fails under principles of res judicata, inasmuch as the license suspension issue could have been raised on direct appeal. *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997) ("pursuant to *res judicata*, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal").

**{¶15}** We note that the Ohio Supreme Court has held that "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack," although "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. Lofton seeks to render his guilty plea void and, therefore, res judicata is applicable.

**{¶16}** Construed as a postsentence motion to withdraw a guilty plea, Lofton must demonstrate a "manifest injustice" in order to obtain relief. Crim.R. 32.1 ("to

4

correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea"). In the present case, the trial court did not impose a license suspension. Thus, Lofton cannot claim that the court's failure to advise him of a possible license suspension resulted in any injustice.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, denying Lofton's Motion to Find Guilty Plea and Judgment Entry "<u>Void</u>," is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.