OPINION
{¶ 1} Defendant-Appellant Kenneth Seelig appeals from his conviction and sentence for Kidnapping, Felonious Assault with a Firearm Specification, Domestic Violence, Assault, Aggravated Menacing, and Carrying a Concealed Weapon, and from the trial court's decision denying his pre-sentence motion to withdraw his plea. Seelig *Page 2 
contends that his trial attorney was ineffective, that his plea was not knowingly and voluntarily made, and that the trial court erred in denying his pre-sentence motion to withdraw his plea. We conclude that Seelig was not denied the effective assistance of trial counsel, that his plea was knowingly and voluntarily entered, and that the trial court did not abuse its discretion in denying his motion to withdraw his plea. Therefore, we affirm the judgment of the trial court.
 I {¶ 2} On April 21, 2006, a Champaign County Grand Jury issued an indictment against Kenneth Seelig on the following counts: Aggravated Burglary; Kidnapping; Felonious Assault; Attempting to Disrupt Public Services; Domestic Violence; Assault; Burglary; Aggravated Menacing; and Carrying a Concealed Weapon. The Aggravated Burglary, Kidnapping, Felonious Assault, Burglary, and Aggravated Menacing charges carried firearm specifications. All charges arose from events that occurred during Seelig's visit to the home of his nine-year-old daughter and her mother, Tammy Smith, where Seelig planned to confront Smith's boyfriend, whom he suspected of sexually abusing his daughter.
 {¶ 3} Seelig entered into a plea agreement with the State whereby Seelig would plead guilty to Kidnapping, Felonious Assault, Domestic Violence, Assault, Aggravated Menacing, and Carrying a Concealed Weapon, as well as the firearm specification accompanying the Felonious Assault charge, and in return the State would dismiss the remaining charges and specifications. During the course of the plea hearing, Seelig insisted that he was innocent of Assault and Aggravated Menacing. After a two hour *Page 3 
recess, during which Seelig consulted with his attorney, Seelig chose to enter guilty pleas to those counts, pursuant to North Carolina v.Alford (1970), 400 U.S. 25, 91 S.Ct. 160.
 {¶ 4} Prior to sentencing, Seelig filed a motion to withdraw his plea. Following a hearing the trial court overruled the motion. The court ordered Seelig to serve an aggregate sentence of thirteen years incarceration. Seelig appeals.
 II {¶ 5} Seelig's First Assignment of Error is as follows:
 {¶ 6} "WHETHER THE APPELLANT'S RIGHT TO COUNSEL SECURED BY THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED WHEN COUNSEL MADE PROMISES SO AS TO COERCE APPELLANT INTO ENTERING A PLEA, AND APPELLANT WAS NOT ABLE TO DISMISS HIS ATTORNEY."
 {¶ 7} Seelig's Second Assignment of Error is as follows:
 {¶ 8} "THE DEFENDANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVE HIS CONSTITUTIONAL AND NON-CONSTITUTIONAL RIGHTS UPON ENTERING A GUILTY PLEA SINCE HE WAS NOT ADVISED OF HIS RIGHTS IN STRICT COMPLIANCE WITH CRIMINAL RULE 11."
 {¶ 9} In his First Assignment of Error, Seelig summarily asserts that his trial counsel was ineffective because counsel failed to fully explain the effect of an Alford *Page 4 
plea to him and because counsel should have recommended a no-contest plea on the Assault and Aggravated Menacing charges, so that his rights would be preserved on appeal. At no point does he specify what potential issues he could have raised on appeal if not for the Alford guilty plea. Nor does the record reflect that his trial counsel failed to advise him that his guilty plea would preclude raising on appeal issues based upon adverse pre-trial rulings. Alternatively, Seelig insists that had counsel properly advised him, he would not have entered into the plea agreement at all.
 {¶ 10} In his Second Assignment of Error, Seelig maintains that because he cannot read, he was unable to understand the effect of the plea agreement. He concludes that because of counsel's ineffectiveness and his inability to read, his plea was not knowingly and voluntarily made.
 {¶ 11} In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052. Because the record supports the trial court's conclusion that Seelig understood the significance of his plea, and because Seelig gained a substantial benefit by that plea, Seelig fails to meet eitherStrickland prong.
 {¶ 12} In order to satisfy the requirements of due process, the record must reflect that a plea of guilt was knowingly, intelligently, and voluntarily made. Boykin v. Alabama (1969), 395 U.S. 238, 89 S.Ct. 1709. To satisfy that standard, the plea must be made with a full understanding of its consequences. State v. Bowen (1977),52 Ohio St.2d 27, 368 N.E.2d 843. Therefore, before accepting a guilty plea, a trial court must substantially comply with the requisites of Crim. R. 11.State v. Nero (1990), *Page 5 56 Ohio St.3d 106, 109, 564 N.E.2d 474, citing State v. Stewart (1977),51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."Nero, supra, at 207. Here the trial court did substantially comply with Crim. R. 11 during Seelig's plea hearing.
 {¶ 13} The court informed Seelig of the facts underlying the charges against him, the maximum sentence that he faced, his ineligibility for community control, and the constitutional rights that he waived by foregoing a trial. Prior to accepting the plea, the trial court asked Seelig whether he understood what he was doing, whether he was acting of his own free will and not as the result of any promises aside from those incorporated in the plea agreement, and whether he wanted the court to accept the plea. Seelig responded in the affirmative. Seelig also acknowledged that he had discussed his case with his attorney, that he had confidence in his attorney, and that he was not under the influence of any medication or substance that interfered with his ability to make decisions.
 {¶ 14} Although Seelig could not read the plea forms, he admitted that counsel had gone over the forms with him and discussed his options, prior to entering his plea. Seelig had further opportunity to discuss the ramifications of the plea agreement, specifically the ramifications of the Alford plea, with his counsel during the break in the plea hearing. He also acknowledged at the hearing on his motion to withdraw his plea that the court had gone over the significance of anAlford plea with him at the plea hearing. Thus, the trial court ensured that the record reflected Seelig's understanding and reasoning for entering an Alford plea on the two charges for which he claimed *Page 6 
innocence. See, e.g., State v. Padgett (1990), 67 Ohio App.3d 332,338-39, 586 N.E.2d 1194.
 {¶ 15} Furthermore, the benefit that Seelig received as a result of the plea agreement is significant. Trial counsel arranged for the State to dismiss three felony charges, including the first-degree felony charge of Aggravated Burglary. In fact, Seelig recognized at both hearings that the reason for the Alford plea, despite his protestations of innocence, was that the plea agreement allowed him to face a significantly lesser sentence than if he were to be convicted of all of the charges against him.
 {¶ 16} For these reasons, we conclude that Seelig was not denied his right to the effective assistance of counsel and that his plea was knowingly and voluntarily entered. Seelig's First and Second Assignments of Error are overruled.
 III {¶ 17} Seelig's Third Assignment of Error is as follows:
 {¶ 18} "THE TRIAL COURT ERRED IN REFUSING TO PERMIT APPELLANT TO WITHDRAW HIS GUILTY PLEAS BECAUSE HE WAS UNAWARE OF THE COLLATERAL CONSEQUENCES OF THE PLEAS."
 {¶ 19} In his Third Assignment of Error, Seelig argues that the trial court erred in denying his request to withdraw his guilty plea, filed prior to his sentencing. In support, he claims once again that he did not understand the effect of his plea. We find no abuse of discretion by the trial court in denying Seelig's motion.
 {¶ 20} A defendant does not have an absolute right to withdraw his plea, even if made prior to sentencing. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715, *Page 7 
paragraph one of the syllabus. The decision of whether to grant or deny a motion to withdraw a plea rests within the sound discretion of the trial court. Id., at paragraph two of the syllabus. Accordingly, the trial court's decision will not be reversed unless the court's attitude was unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 21} A trial court does not abuse its discretion in denying a motion to withdraw a plea when: (1) the accused is represented by competent counsel; (2) the accused was afforded a full Crim. R. 11 hearing before he entered his plea; (3) the accused is given a complete, impartial hearing on the motion to withdraw; and (4) the court gave full and fair consideration to the request to withdraw. State v. Peterseim (1980), 68 Ohio App.2d 211, 214, 428 N.E.2d 863. In this case, all of thePeterseim factors were met.
 {¶ 22} First, Seelig was represented by highly experienced, competent counsel. Second, Seelig was afforded a full Crim. R. 11 hearing before his plea was accepted. Third, the trial court held a full and fair hearing on Seelig's motion to withdraw his plea; both parties were permitted to fully argue their positions. See, e.g., State v. Mooty
(Aug. 31, 2001), Greene App. No. 2000-CA-72. Finally, the record reveals that the trial court gave full and fair consideration to Seelig's request. At the close of the hearing, the court concluded that Seelig was neither misinformed or mislead when he entered his pleas. Decisions regarding the credibility of witnesses are primarily a function of the trial court, who saw and heard the witnesses' testimony. State v.Brown, Miami App. No. 2002-CA-23, 2003-Ohio-2959, citing State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 23} Seelig also contends that, in light of his protestation of innocence, the trial court should have granted his motion to withdraw. This argument ignores the *Page 8 
significance of an Alford plea, wherein a defendant pleads guilty despite protestations of innocence. Agreement with this line of argument would require the routine granting of motions to withdrawAlford pleas.
 {¶ 24} Seelig's motion to withdraw his plea appears to be no more than a change of heart following discussions with a fellow inmate. It is well-settled that "a mere change of heart is insufficient justification for allowing the withdrawal of a guilty plea." State v. Ramos, Montgomery App. No. 19429, 2003-Ohio-2086, citing State v. Drake (1991),73 Ohio App.3d 640, 645, 598 N.E.2d 115. See, also, State v.Lambros (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632.
 {¶ 25} Accordingly, we conclude that the trial court did not abuse its discretion in denying Seelig's motion to withdraw his plea. His Third Assignment of Error is overruled.
 IV {¶ 26} All of Seelig's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and GRADY, JJ., concur.
Copies mailed to:
Nick A. Selvaggio Scott D. Shockling Joyce M. Deitering Hon. Roger B. Wilson *Page 1