The STATE of Ohio, Appellee,

v.

BARAJAS–LARIOS, Appellant.

[Cite as *State v. Barajas–Larios*, 178 Ohio App.3d 613, 2008-Ohio-5460.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2007CA0088.

Decided Oct. 17, 2008.

Stephen K. Haller, Greene County Prosecuting Attorney, and Stephanie R. Hayden, Assistant Prosecuting Attorney, for appellee.

Robert Alan Brenner, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Luis Ricardo Barajas–Larios, appeals from his conviction and sentence for trafficking in heroin.

{¶ 2} Defendant entered a plea of guilty to trafficking in heroin in an amount equal to or exceeding 250 grams, a felony of the first degree, and a forfeiture specification involving a Dodge Grand Caravan minivan, pursuant to a negotiated plea agreement. In exchange, the state dismissed five other pending charges and several major drug-offender specifications. The parties also agreed to and jointly recommended a sentence ranging between three and seven years. The trial court adopted the agreement and sentenced defendant to a seven-year prison term.

{¶ 3} Defendant timely appealed to this court from his conviction and sentence.

FIRST ASSIGNMENT OF ERROR

{¶ 4} "Mr. Barajas–Larios was denied his right to due process of law as guaranteed by the United States and Ohio Constitutions because his guilty plea was not entered knowingly, intelligently and voluntarily."

{¶ 5} Defendant argues that his due-process rights were violated because his guilty plea was not entered knowingly, intelligently, and voluntarily, having been induced by a promise that his sentence would not exceed seven years per the parties' agreement, when that promise was unfulfillable, inasmuch as the law requires a mandatory prison term of ten years in this case. The state responds that defendant's sentence was agreed upon and jointly recommended by both parties, and therefore it constitutes an "agreed sentence" that is not reviewable on appeal. R.C. 2953.08(D).

{¶ 6} R.C. 2953.08 governs appellate review of felony sentences. Paragraph (D)(1) of that section states:

{¶ 7} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 8} In order to be nonreviewable per R.C. 2953.08(D)(1), an agreed sentence the court imposes must be one that is "authorized by law." If the sentence is one not authorized by law, then the fact that it was one to which the parties agreed does not bar appellate review.

{¶ 9} A guilty plea that is not made knowingly, intelligently, and voluntarily violates due process. *State v. Engle* (1996), 74 Ohio St.3d 525, 660 N.E.2d 450; *Kercheval v. United States* (1927), 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. A plea is not made knowingly, intelligently, and voluntarily when it is induced by a promise that cannot be fulfilled and is nonperformable. *State v. Bowen* (1977), 52 Ohio St.2d 27, 6 O.O.3d 112, 368 N.E.2d 843.

{¶ 10} Defendant pleaded guilty in this case to trafficking in heroin in an amount equal to or exceeding 250 grams. R.C. 2925.03(C)(6)(g) provides that the offense is a felony of the first degree, the offender is a major drug offender, and "the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree." The maximum prison term prescribed for a felony of the first degree is ten years. R.C. 2929.14(A)(1).

{¶ 11} Despite the fact that a ten-year prison term was required by law in this case, the parties agreed to and jointly recommended a sentence range between three and seven years. With respect to that agreement, the trial court indicated the following at the plea hearing before defendant entered his plea of guilty:

{¶ 12} "THE COURT: Now, do you understand—I guess what you're asking me to do here is limit a sentence to seven years max. Is that the understanding between Counsel?

{¶ 13} "[DEFENSE COUNSEL]: Yes, sir.

{¶ 14} "[ASSISTANT PROSECUTOR]: Yes, a minimum of three, a maximum of seven, and there will be a presentence investigation.

{¶ 15} "THE COURT: Okay. And I'll just tell you that *I will agree* with that understanding, *that any sentence the Court imposes, which I must impose in this case, will not exceed seven years*. Is that Counsel's understanding.

{¶ 16} "[DEFENSE COUNSEL]: Yes, it is.

{¶ 17} "THE COURT: Okay. * * *." (Emphasis added.)

{¶ 18} By agreeing to impose a sentence in this case that would not exceed seven years, when the law plainly requires a mandatory ten-year prison term as the only authorized sentence, the trial court committed plain error. Crim.R. 52(B). The trial court lacked authority to substitute a sentence different from that which is required by law, and its unauthorized sentence in this case is unlawful and void. *State v. Simpkins*, 117 Ohio St.3d 420, 425, 2008-Ohio-1197, 884 N.E.2d 568.

{¶ 19} By promising a sentence less than what is clearly required by law, the trial court induced defendant's guilty plea based upon a promise that was unlawful and could not be fulfilled. *Bowen*, 52 Ohio St.2d 27, 6 O.O.3d 112, 368 N.E.2d 843. Under those circumstances, the voluntary-and-knowing character of defendant's guilty plea was negated, and defendant's plea of guilty was rendered void. *Bowen; State v. Hawk* (1992), 81 Ohio App.3d 296, 610 N.E.2d 1082.

{¶ 20} Defendant's first assignment of error is sustained.

SECOND ASSIGNMENT OF ERROR

{¶ 21} "Mr. Barajas–Larios was denied the effective assistance of counsel as guaranteed by the United States and Ohio Constitution."

{¶ 22} Defendant argues that he was deprived of the effective assistance of counsel at trial because his counsel failed to advise him that the plea agreement was unlawful and nonperformable, which negated the knowing-and-voluntary character of defendant's guilty plea.

{¶ 23} Our disposition of the first assignment of error renders this assignment of error moot, and therefore, we need not determine the error assigned. App.R. 12(A)(1)(c).

{¶ 24} Defendant's second assignment of error is overruled.

{¶ 25} Having sustained defendant's first assignment of error, defendant's guilty plea is vacated, the judgment of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment accordingly.

BROGAN and DONOVAN, JJ., concur.