[Cite as *State v. Fisher*, 2016-Ohio-4750.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                  Court of Appeals No. L-15-1262

       Appellee                            Trial Court No. CR0201402589

v.

Derek L. Fisher                           **DECISION AND JUDGMENT**

       Appellant                           Decided:  June 30, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Maggie E. Koch, Assistant Prosecuting Attorney, for appellee.

Ernest E. Bollinger, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant, Derek L. Fisher, from the judgment

of the Lucas County Court of Common Pleas.

{¶ 2} The record demonstrates that on August 6, 2015, appellant entered a plea of

no contest to an amended Count 1 of the indictment that would remove the language

regarding "one thousand feet of a school." This amendment would reduce the level of the offense from a second to a third-degree felony. Upon his plea, appellant was then found guilty of trafficking in heroin, in violation of R.C. 2925.03(A)(1) and (C)(6)(d), a felony of the third degree. Appellant also entered a plea of no contest to Count 4 and Count 6 of the original indictment, possession of heroin, a violation of R.C. 2925.11(A)(C)(6)(d), each classified as felonies of the second degree.

{¶ 3} On August 26, 2015, appellant was sentenced to serve a period of incarceration of 18 months as to the amended Count One, 4 years as to Count 4 and 4 years as to Count 6, to be served consecutive to each other.

{¶ 4} The sentencing judgment entry journalized on August 26, 2015 reads, in pertinent part, that appellant was found guilty of "Trafficking in Heroin, count 2, a violation of R.C. 2925.03(A)(1)&(C)(6)(d), a felony of the 2nd degree."

{¶ 5} On September 10, 2015, the court issued a nunc pro tunc judgment entry. In that entry the court found, in relevant part, that "the defendant entered a plea of No Contest and was found guilty by the court of Trafficking in Heroin, count 1, a violation of R.C. 2925.03(A)(1)&(C)(6)(d), a felony of the 2nd degree." This nunc pro tunc judgment entry indicated that appellant was notified, as he was during the original sentencing hearing, that he "may be eligible to earn days of credit under the circumstances specified in R.C. 2967.193 and that these days are not automatic, but must be earned in the manner provided for in R.C. 2967.193."

2.

{¶ 6} Appellant appeals from this September 10, 2015 nunc pro tunc judgment entry.

{¶ 7} Appellant puts forth two assignments of error. In his first assignment, he argues that the court "erred in filing the nunc pro tunc judgment entry." More specifically, he asserts that the entry does not reflect the fact that at the time of the plea hearing, the language of the indictment concerning the "thousand feet of a school" was deleted by the prosecution. This amendment effectively reduced the charge to a third-degree felony. Appellee, state of Ohio, concedes this point. In fact, neither the original sentencing judgment entry nor the nunc pro tunc judgment entry reflect the plea agreement concerning the amended charge and the appropriate level of felony. The record of the court, both at the plea hearing and the written plea agreement executed on August 6, 2015, and journalized on August 7, 2015, reflect that the appellant pled no contest to Count 1, as amended to a third-degree felony, trafficking in heroin.

{¶ 8} Therefore, appellant's first assignment of error is found well-taken.

{¶ 9} Appellant also presents a second assignment of error. In this assignment, appellant asserts that the court "erred in advising defendant of his right to earned time credit." More precisely, he contends that the court erred when it advised him at the plea hearing that he would be eligible for earned days credit.

{¶ 10} At the time of his plea, R.C. 2929.14(D)(3) provided that "[i]f a court imposes a prison term * * * for a felony, it shall include in the sentence a statement notifying the offender that the offender may be eligible to earn days of credit under the

3.

circumstances specified in section 2967.193 of the Revised Code." *See* R.C. 2929.19(B)(2)(g).

{¶ 11} However, credit may not be earned by a person sentenced to a term of imprisonment for certain offenses. R.C. 2967.193(C) states:

> (C) No person confined in a state correctional institution or placed in a substance use disorder treatment program to whom any of the following applies shall be awarded any days of credit under division (A) of this section:

> (1) The person is serving a prison term that section 2929.13 or section 2929.14 of the Revised Code specifies cannot be reduced pursuant to this section or this chapter or is serving a sentence for which section 2967.13 or division (B) of section 2929.143 of the Revised Code specifies that the person is not entitled to any earned credit under this section.

{¶ 12} In this case, appellant was convicted of two violations of R.C. 2925.11(A)(C)(6)(d), possession of heroin, each a felony of the second degree that carry mandatory prison time pursuant to R.C. 2929.13(F)(5). Therefore, he is not entitled to any earned time credit on these two charges.

{¶ 13} However appellant's remaining charge is a violation of R.C. 2925.03(A)(1) and (C)(6)(d), as amended to a third-degree felony. The sentencing statute does not mandate prison time on this charge. Since this is not a mandatory sentence, appellant can earn time credit with respect to the trafficking in heroin charge, as amended.

4.

**{¶ 14}** At the plea hearing of August 6, 2015, the court stated:

Also, since you will be sent to the penitentiary you will be sent there -- the time you are sent there for is the time you will serve without good time credit. There is what is called earned time credit. First of all you must qualify for that by way of charges you are sent there for. Secondly you must earn it. Third it can be taken away and cannot exceed eight percent of your original sentence. Do you understand all that?

**{¶ 15}** The record also establishes that the plea document notifies appellant of the minimum and maximum sentences on each charge. However, the document contains the sentence "I know any prison term stated may be reduced by earned time credit."

**{¶ 16}** Thus, with respect to each possession of heroin charge, this is a misstatement of the law.

**{¶ 17}** Crim.R. 11(C) provides that "felony defendants are entitled to be informed of various constitutional and nonconstitutional rights, prior to entering a plea." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51. The failure to adequately inform a defendant of his constitutional rights invalidates a guilty or a no contest plea under a presumption that it was entered involuntarily and unknowingly. However, the failure to accurately explain nonconstitutional rights is reviewed under the substantial compliance standard. *Id.* "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 564 N.E.2d 474 (1990).

5.

**{¶ 18}** Under Crim.R. 11(C)(2), a trial court is not required to advise a defendant regarding eligibility for earned time credit. Therefore, the failure to include such information in the court's colloquy does not violate a defendant's Crim.R. 11 rights. On its face, R.C. 2929.14(D)(3) does not require a court to notify the defendant if, under the circumstances specified in R.C. 2967.193, he is not eligible to earn days of credit.

**{¶ 19}** Nevertheless, an incorrect recitation of the law fails to meet the substantial-compliance standard. If a trial judge chooses to offer an expanded explanation of the law in a Crim.R. 11 plea colloquy, the information conveyed must be accurate. *State v. Clark*, 119 Ohio St. 3d 239, 251, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶ 20}** To ensure that pleas of guilty and no contest are voluntarily, knowingly, and intelligently made, trial courts must accurately advise defendants of the law in Crim.R. 11 plea colloquies. Fundamental fairness requires courts to hold themselves to exceedingly high standards when explaining the law to defendants who have waived constitutional rights. *Id.*

**{¶ 21}** The court in *Griggs* held that even if the trial court failed to substantially comply with Crim.R. 11 by making improper statements of the law with respect to the ability to earn credit days, that failure will not invalidate his guilty or his no contest plea unless he suffered prejudice. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51.

**{¶ 22}** The test for prejudice is "whether the plea would have otherwise been made." *Id.* Therefore, appellant has the burden of proving that he relied upon the trial

6.

court's erroneous explanation of earned days credit in deciding to enter his no contest plea.

{¶ 23} The record shows that, in exchange for his no contest plea to one amended charge and two existing counts of the indictment, the remaining eleven felony charges of the original indictment were dismissed.

{¶ 24} There is nothing that can be gleaned from the transcripts of both the plea hearing as well as the sentencing hearing that would indicate that appellant was induced to enter into the plea agreement as a result of the possibility that he would be entitled to earned time credit. Given the fact that eleven charges of the original indictment were dismissed, and the absence of any discussion on the record concerning the issue of earned time credit, other than the statement from the court, we are unable to conclude that the possibility of earned time credit was a factor which induced appellant to enter into his plea.

{¶ 25} Therefore, we find the second assignment of error not well-taken.

### Conclusion

{¶ 26} Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010. Since the nunc pro tunc entry of September 10, 2015, did not accurately reflect the details of the plea agreement of August 6, 2015, the imperfect sentencing entry can be corrected

7.

through yet another nunc pro tunc entry. No new sentencing hearing is required, because the trial court's failure to properly note that the trafficking in heroin, Count 1 of the indictment, had been amended to be a violation of R.C. 2925.03(A)(1) and (C)(6)(d), a felony of the third degree, was manifestly a clerical error.

{¶ 27} The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for issuance of a corrected nunc pro tunc entry. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed in part
and reversed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                      JUDGE
Arlene Singer, J.         

Thomas J. Osowik, J.        _____
CONCUR.                                                    JUDGE

_____
                                                      JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.