[Cite as *State v. Brown*, 2017-Ohio-7833.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2017 CA 00093 |
| BRENT EARL BROWN | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2016 CR 02107


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 25, 2017


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

JOHN D. FERRERO                     BRENT EARL BROWN
PROSECUTING ATTORNEY                PRO SE
KRISTINE W. BEARD                   BELMONT CORR. INSTITUTION
ASSISTANT PROSECUTOR                Post Office Box 540
110 Central Plaza South, Suite 510  St. Clairsville, Ohio  43950
Canton, Ohio  44702-1414

*Wise, John, J.*

{¶1} Appellant Brent Earl Brown appeals the decision of the Court of Common Pleas, Stark County, denying his motion to correct sentence regarding his 2015 conviction for felonious assault. Appellee is the State of Ohio. The relevant procedural facts leading to this appeal are as follows.

{¶2} On or about December 14, 2014, Appellant Brown was involved in incidents in which he physically assaulted the police chief of Waynesburg, Ohio, damaged public property, and allegedly assaulted a female household member. As a result of the aforesaid events, the Stark County Grand Jury indicted appellant on two felony counts and one misdemeanor count on February 10, 2015.

{¶3} On April 23, 2015, appellant appeared with counsel in the trial court and pled guilty to one count of felonious assault (a felony of the first degree) and one count of criminal damaging (a misdemeanor of the first degree). Via a judgment entry issued on April 28, 2015, appellant was sentenced to four years in prison on the count of felonious assault and ninety days in jail on the count of criminal damaging, to be served concurrently.[1]

{¶4} Although appellant's written plea form indicated that a prison term for felonious assault was mandatory, the aforesaid April 28, 2015 sentencing entry did not include this language. Accordingly, the trial court issued a judgment entry *nunc pro tunc* on May 8, 2015 stating *inter alia* that his four-year term was mandatory.

{¶5} Appellant did not file a timely direct appeal of his conviction and sentence.

---

[1] On the same day, the court issued a separate entry of *nolle prosequi* by the prosecutor, thereby granting dismissal of the additional count of domestic violence (a felony of the fifth degree).

{¶6} On December 3, 2015, appellant filed a *pro se* "motion to compel State to specifically perform plea agreement." On December 4, 2015, the trial court issued a judgment entry indicating it had construed the motion as a request for judicial release, and denying same without a hearing.

{¶7} On June 9, 2016, appellant filed a *pro se* "motion for sentence reduction." In essence, appellant therein maintained that he had not understood the mandatory nature of his sentence for felonious assault at the time he had entered his guilty pleas. The trial court denied the motion on June 14, 2016, without a hearing.

{¶8} On April 19, 2017, appellant filed a *pro se* motion to correct his sentence, claiming that he had agreed to plead guilty with the understanding that his four-year sentence for felonious assault would be non-mandatory. On May 3, 2017, the State filed a response urging dismissal of appellant's motion, on the grounds that it was an untimely petition for post-conviction relief, that it was barred by the doctrine of *res judicata*, and/or that it lacked legal merit based on the extant record.

{¶9} On May 15, 2017, the trial court denied appellant's motion, citing the reasoning set forth in the State's response.

{¶10} On June 8, 2017, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶11} "I. THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION BY FAILING TO CORRECT THE SENTENCE OF APPELLANT.

{¶12} "II. THE TRIAL COURT FAILED TO STRICTLY COMPLY WITH CRIM. RULE 11, WHICH CREATED AN ERROR IN SENTENCING, AND THEREFORE ALSO SHOULD RENDERS [SIC] THE GUILTY PLEA INVALID."

I.

{¶13} In his First Assignment of Error, appellant contends the trial court erred or abused its discretion in declining to correct his 2015 felony sentence.

{¶14} As an initial matter, we note the written plea form in the record before us appears to be signed by appellant and his trial counsel, and it stated that the felonious assault sentence would be mandatory. *See* Plea Form at 1.[2] We also note R.C. 2903.11(D)(1)(b) states that "[i]f the victim of the [assault] offense is a peace officer or an investigator of the bureau of criminal identification and investigation, and if the victim suffered serious physical harm as a result of the commission of the offense, felonious assault is a felony of the first degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree."

{¶15} A trial court lacks authority to substitute a sentence different from that which is required by law, even where a plea agreement is reached. *See State v. Barajas-Larios*, 178 Ohio App.3d 613, 2008-Ohio-5460, 899 N.E.2d 212, ¶ 18 (2nd Dist.). As such, we first find that even if appellant in the case *sub judice* could demonstrate that a non-mandatory sentence was orally agreed to prior to trial, the trial court would now be barred from simply "correcting" appellant's sentence as he has urged.

{¶16} Moreover, we have recognized that the doctrine of *res judicata* "applies not only to direct appeals, but to all post-conviction proceedings in which an issue was or

---

[2] Appellant maintains that he has requested a transcript of the plea hearing at State expense, despite what the plea form states about the mandatory prison term, but the trial court has refused to allow same. However, the issue of the provision of a transcript has not been separately assigned as an error. *See* App.R. 16(A)(3) and (A)(7).

could have been raised." *State v. Wilson*, 5th Dist. Richland No. 14CA16, 2014-Ohio-3286, ¶ 19, citing *State v. Montgomery,* 2013–Ohio–4193, 997 N.E.2d 579, ¶ 42 (8th Dist.). As noted in our recitation of the procedural facts in this matter, on December 3, 2015 and June 9, 2016, appellant unsuccessfully pursued motions which both essentially asserted that he had misunderstood or had been misled regarding the mandatory nature of his felonious assault sentence. Appellant did not pursue further action or appeals in regard to the trial court's rejections of said motions.[3]

**{¶17}** We therefore hold the trial court properly denied appellant's motion to correct his sentence, on grounds of *res judicata*.[4]

**{¶18}** Appellant's First Assignment of Error is overruled.

II.

**{¶19}** In his Second Assignment of Error, appellant contends the trial court failed to comply with Crim.R. 11 when accepting his plea in 2015.

**{¶20}** "Under the doctrine of *res judicata*, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal." *State v. Aleshire*, 5th Dist. Licking No. 09-CA-132, 2010-Ohio-2566, ¶ 68, citing *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233. Specifically, *res judicata* applies where a defendant

---

[3] Appellant did file a motion with this Court on March 8, 2016, seeking leave for a delayed appeal of his conviction and sentence. We denied such leave on May 3, 2016, under our case number Stark County 2016CA00049.

[4] The State additionally responds in its brief that appellant's motion of April 19, 2017 constitutes an untimely petition for post-conviction relief. On the basis of mootness, we need not reach an analysis of this portion of the State's response.

could have argued in a direct appeal that the trial court failed to comply with Crim.R. 11 when accepting his plea. *See State v. Gorospe*, 9th Dist. Summit Nos. 25551 & 25552, 2011-Ohio-3291, ¶ 8, citing *State v. Rexroad,* 9th Dist. Summit No. 22214, 2004–Ohio–6271, ¶ 8 - ¶ 11.

{¶21} As noted in our recitation of the procedural facts in this matter, appellant did not file a direct appeal of his 2015 conviction, and it appears the present assigned error could have been argued without going outside the record in such an appeal. Therefore, we find the doctrine of *res judicata* applies to appellant's present argument.

{¶22} Appellant's Second Assignment of Error is overruled.

{¶23} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, John, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/d 0831