[Cite as *State v. Baugh*, 2018-Ohio-2452.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-T-0076** |
| ANTONIO DELSHAWN BAUGH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2014 CR 00781.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Antonio Delshawn Baugh, appeals the denial of his Motion to Vacate Judgment and Withdraw Guilty Plea pursuant to Criminal Rule 32.1. The issue before this court is whether a trial court abuses its discretion in denying a postsentence motion to withdraw a guilty plea where the movant failed to file a direct appeal; waited almost two years before filing the motion; failed to include a transcript of the plea hearing; the movant's claims are contradicted by the terms of the signed plea agreement; and there is no indication that the movant's purported misunderstanding

that he was eligible to earn credit toward satisfaction of his prison term induced him to plead guilty. For the following reasons, we affirm the decision of the court below.

{¶2} On June 30, 2015, Baugh entered a plea of guilty to Trafficking in Cocaine (Count 1) and Possession of Cocaine (Count 2), both counts having forfeiture specifications.

{¶3} With respect to Trafficking and Possession, the signed plea agreement provided:

> I further understand the consequences of entering this plea, including the penalties, which can be from:
>
> **Mandatory prison term of 2, 3, 4, 5, 6, 7, or 8 years and up to $15,000.00 fine.**
>
> * * *
>
> The prison term for this offense <u>is presumed necessary and is mandatory</u>.

(Emphasis sic.)

The signed plea agreement further provided:

> I understand that if I am sent to prison, I may be eligible to earn one or five days of credit for each completed month during which I productively participate in an education program, vocational training, employment in prison industries, treatment for substance abuse, or any other constructive program developed by the Ohio Department of Corrections. However, these credits are not automatically awarded but must be earned.
>
> * * *
>
> I have been informed by the Court, and understand, that **I am (not) eligible for probation or community control sanction.** * * * Additionally, I expressly acknowledge and understand, that under the terms of this plea agreement and/or relevant law regarding Judicial Release, **I am not eligible for judicial release.**
>
> * * *

2

This agreement reflects the entire agreement between the State of Ohio and me. No other promises or representations have been made to me.

\* \* \*

**The State is not bound by the sentencing recommendation of the Trumbull County Probation Department, and is expressly reserving the right to make a sentencing recommendation at the sentencing hearing.**

(Emphasis sic.)

{¶4} On August 4, 2015, a sentencing hearing was held. By stipulation, the Trafficking and Possession counts merged and the State elected to proceed with the Trafficking count. Baugh was sentenced, inter alia, to serve a mandatory prison term of four years.

{¶5} On June 28, 2017, Baugh filed a Motion to Vacate Judgment and Withdraw Guilty Plea pursuant to Criminal Rule 32.1. The grounds for withdrawing the plea were stated in an affidavit as follows:

2. Before I plead [sic] guilty, I did not want to plead guilty to these charges, because I believed that had they tested the purity of the cocaine, they would have determined it was not pure cocaine. Also, my attorney led me to believe a sentence of 2 years was going to be imposed in exchange for my "guilty" plea.

3. My attorney, Samuel Bluedoen [sic] also led me to believe that the F2 was going to be dropped to an F3.

4. My attorney never advised that this sentence was mandatory.

5. This Court never advised me that this sentence was mandatory. As a matter of fact, Honorable Judge Logan advised me of my eligibility for earned credit days. Being my sentence was mandatory, I am eligible for nothing.

{¶6} On July 12, 2017, the trial court denied the Motion to Vacate and Withdraw Guilty Plea.

{¶7} On August 9, 2017, Baugh filed a Notice of Appeal. On appeal, Baugh raises the following assignment of error: "The trial court erred and abused its discretion by denying the appellant's motion to withdraw his guilty plea."

{¶8} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

{¶9} The phrase "manifest injustice" has been "variously defined," however, "it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The reason for such a high standard for granting a post-sentence motion to withdraw a guilty plea "is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985); *State v. Goist*, 11th Dist. Trumbull No. 2003-T-0135, 2004-Ohio-3926, ¶ 5-6.

{¶10} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus.

{¶11} Without considering the substance of Baugh's arguments, we note that sufficient grounds exist to deny the Motion based solely on Baugh's failure to raise these arguments in a direct appeal; the undue delay of almost two years before filing his Motion; and the failure to provide a transcript of the plea hearing.

4

**{¶12}** *See State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal")[1]; *Smith* at paragraph three of the syllabus ("[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion"); *State v. Victor*, 11th Dist. Geauga No. 2017-G-0116, 2017-Ohio-8805, ¶ 33 ("[a]ppellant's failure to file a written transcript of the January 20, 2017 plea hearing or a statement in compliance with App.R. 9(C) or (D) forces us to overrule her assignment of error [challenging the denial of her Crim.R. 32.1 motion]"); *State v. Baker*, 9th Dist. Summit No. 27937, 2016-Ohio-8026, ¶ 8 ("because the record does not contain a transcript of his plea hearing, we must presume regularity with regard to that proceeding").

**{¶13}** With respect to the grounds asserted for withdrawing his plea, Baugh's feelings regarding the purity of the cocaine underlying the charges are irrelevant and/or insufficient to merit withdrawing his plea. *State v. Shannon*, 11th Dist. Trumbull No. 2017-T-0012, 2017-Ohio-9344, ¶ 22 ("[a] defendant is not entitled to withdraw his plea because he has a change of heart").

**{¶14}** Baugh's claims that he believed he would receive a two-year sentence or was pleading to a third-degree felony, and that he was not informed that his sentence was mandatory are not credible in light of the signed plea agreement.

---

1. Baugh's efforts to file a delayed appeal in this matter were unsuccessful. *State v. Baugh*, 11th Dist. Trumbull No. 2016-T-0009, 2016-Ohio-1499.

{¶15} It is possible that Baugh (although, in light of Baugh's claimed ignorance of the mandatory nature of his sentence, not plausible) did not realize that a mandatory sentence disqualified him from eligibility for earned jail credit. R.C. 2967.193(A)(2). Assuming, arguendo, this to be the case, such misunderstanding falls short of creating the manifest injustice in the absence of affirmative misrepresentation or any indication that Baugh's decision to plead guilty was contingent on his eligibility for such credit. *State v. Caputo*, 11th Dist. Lake No. 2014-L-010, 2015-Ohio-4829, ¶ 9 ("[n]oticeably absent from the transcript of appellant's sentencing hearing and the trial court's judgment entry, however, is any reference to appellant being *promised* he would be placed in any program while incarcerated"); *State v. Fisher*, 6th Dist. Lucas No. L-15-1262, 2016-Ohio-4750, ¶ 24 ("[t]here is nothing that can be gleaned from the transcripts of both the plea hearing as well as the sentencing hearing that would indicate that appellant was induced to enter into the plea agreement as a result of the possibility that he would be entitled to earned time credit").

{¶16} We find no abuse of discretion in the denial of Baugh's Motion to Vacate and Withdraw Guilty Plea.

{¶17} The sole assignment of error is without merit.

{¶18} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas denying Baugh's Motion to Vacate and Withdraw Guilty Plea is affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

6