[Cite as *State v. Bell*, 2018-Ohio-4373.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0016** |
| RYAN NICHOLAS BELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2013 CR 0464.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Ryan Nicholas Bell*, pro se, PID# A644-176, Belmont Correctional Institution, P.O. Box 540, 68518 Bannock Road, St. Clairsville, OH 43950 (Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Ryan N. Bell, appeals the denial of his motion to withdraw his guilty plea. We affirm.

{¶2} Bell pleaded guilty to one count of rape and two counts of importuning in September 2003. We affirmed his convictions but reversed and remanded for resentencing. *State v. Bell,* 11th Dist. Portage No. 2014-P-0017, 2015-Ohio-218, ¶16,

68, *abrogated by, State v. Sergent,* 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627. Bell did not appeal his resentencing.

{¶3} In November of 2017, Bell filed a post-sentence motion to withdraw his guilty plea, alleging he was denied effective assistance of trial counsel based on his attorney's alleged failure to share exculpatory evidence; failure to investigate the allegations; and failure to ensure that Bell understood the charges before he pleaded guilty. He did not submit any evidentiary materials in support. The trial court overruled this motion six days later.

{¶4} Bell raises two assigned errors:

{¶5} "Appellant states that this court lacks jurisdiction to consider this appeal, as the trial court's entry does not constitute a final appealable order.

{¶6} "Trial court abused its discretion in denying appellant's motion without a hearing."

{¶7} Bell first argues that we lack jurisdiction to consider his appeal because the trial court failed to state the basis for its decision. We disagree. A trial court's order denying a post-sentence motion to withdraw a plea is a final, appealable order. *State v. Erich,* 11th Dist. Ashtabula No. 2016-A-0056, 2017-Ohio-8528, ¶12, citing *State v. Damron,* 4th Dist. Scioto No. 10CA3375, 2011-Ohio-165, ¶7. Moreover, there is no requirement that a trial court state the basis of its decision overruling a motion to withdraw a guilty plea. *State v. Dewey,* 11th Dist. Ashtabula No. 98-A-0027, 1998 WL 964499, *4 (Dec. 4, 1998); *accord State v. McNeal,* 8th Dist. Cuyahoga No. 82793, 2004-Ohio-50. ¶5. Thus, his first assigned error lacks merit and is overruled.

{¶8} In his second assignment, Bell urges reversal claiming the trial court abused its discretion in denying his motion without holding a hearing.

{¶9} Motions to withdraw guilty pleas are governed by Crim.R. 32.1: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶10} Thus, a trial court must find a manifest injustice before setting aside a conviction and permitting a defendant to withdraw his plea after sentencing. *Id.* And the defendant has the burden of establishing the existence of a manifest injustice, which is an obvious, unjust act or fundamental flaw in the proceedings. *State v. Whiteman,* 11th Dist. Portage No. 2001-P-0096, 2003-Ohio-2229, ¶17; *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, 2011 WL 6339821, ¶12. "'The rationale for this high standard is 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe.'" *State v. Robinson*, 11th Dist. Lake No. 2011-L-145, 2012-Ohio-5824, ¶14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985).

{¶11} We review a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. *State v. Xie,* 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992); *State v. Selvaggio,* 11th Dist. Lake No. 2017-L-128, 2018-Ohio-3532, ¶12. An abuse of discretion is judgment that comports with neither reason nor the record. *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶70 (11th Dist.). When the issue on appeal is within the trial court's discretion, the fact that we would reach a different result is insufficient to find an abuse of discretion. *Id.* "[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal discretion.'" *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, 2010 WL 1731784, ¶64, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

3

{¶12} As stated, Bell's post-sentence motion to withdraw his plea claims that he was prejudiced by his counsel's deficiencies, including, counsel's failure to share exculpatory evidence with Bell and his failure to investigate the allegations. He also asserts his trial counsel failed to ensure that Bell understood the charges before he pleaded guilty and appears to claim that his counsel failed to tell him that the charges were based on his consensual sex with a minor.

{¶13} Bell claims his counsel failed to investigate and introduce evidence about Bell's relationship with the victim's stepfather and that the he and the victim's stepfather drank and used illegal drugs with one another. Bell also claims that his sexual contact with the victim was consensual and that he did not know she was under age at the time. Bell also avers that it was the victim who initiated the sexual conduct and that this is mitigating evidence in Bell's favor that could have been used to reduce the charges or been presented at sentencing. Finally, Bell claims that the victim and her cousin's statements are inconsistent about the facts surrounding the offenses and that counsel should have shared this information with him. Each of his arguments relies on either his lack of knowledge of the victim's age or points to the victim's alleged culpability or consent.

{¶14} However, none of these allegations, even if assumed true, set forth a sufficient basis to permit Bell to withdraw his guilty plea. Instead, the offenses to which Bell pleaded guilty do not take into consideration the defendant's relationship with the victim or her family. Moreover, the charges that Bell pleaded guilty to impose strict liability on a defendant, regardless of the defendant's knowledge of the victim's age or alleged "consent." *In re D.B.,* 129 Ohio St.3d 104, 2011-Ohio-2671, 950 N.E.2d 528, ¶13 (holding a child under the age of 13 is legally incapable of consenting to sexual conduct); *accord*

4

*Matter of B.J.S.,* 7th Dist. Belmont No. 15 BE 0057, 2017-Ohio-1258, ¶14, *appeal not allowed sub nom.,* 151 Ohio St.3d 1473, 2017-Ohio-9111, 87 N.E.3d 1271.

{¶15} R.C. 2907.02(A)(1)(b) states:

{¶16} "No person shall engage in sexual conduct with another * * * when any of the following applies:

{¶17} "* * *

{¶18} "(b) The other person is less than thirteen years of age, *whether or not the offender knows the age of the other person.*" (Emphasis added).

{¶19} R.C. 2907.07(A) states: "No person shall solicit a person who is less than thirteen years of age to engage in sexual activity with the offender, *whether or not the offender knows the age of such person.*" (Emphasis added).

{¶20} Thus, Bell's claimed lack of knowledge of the victim's age and whether she was a willing participant, do not assert facts, which if believed, constitute an obvious, unjust act or fundamental flaw in the proceedings sufficient to warrant the trial court to permit him to withdraw his guilty plea. Accordingly, the trial court did not abuse its discretion in denying his motion or failing to hold a hearing.

{¶21} Bell's second assigned error lacks merit, and the trial court's decision is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

5