[Cite as *State v. Pinchon*, 2019-Ohio-4928.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0030** |
| WILLIE GEORGE PINCHON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CR 00562.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Willie George Pinchon*, pro se, PID# A653-439, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, OH 44430 (Defendant-Appellant).


MATT LYNCH, J.

{¶1} Defendant-appellant, Willie George Pinchon, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, denying his motion for "specific performance" or to withdraw his plea. The issues to be determined by this court are whether a plea agreement is breached by the prosecution or judge when the defendant is sentenced pursuant to the terms of the agreement but asserts the sentence is inconsistent with a subsequent federal sentence and whether these facts render his

plea involuntary and void. For the following reasons, we affirm the judgment of the trial court.

{¶2} On September 18, 2013, Pinchon was indicted by the Trumbull County Grand Jury for Improperly Discharging a Firearm At or Into a Habitation (Count One), a felony of the second degree, in violation of R.C. 2923.161(A)(1); four counts of Felonious Assault (Counts Two through Five), felonies of the second degree, in violation of R.C. 2903.11(A)(2); and Having Weapons while Under Disability (Count Six), a felony of the third degree, in violation of R.C. 2923.13(A)(2). Counts One through Five had firearm specifications pursuant to R.C. 2941.145.

{¶3} On April 10, 2014, Pinchon entered a plea of guilty to the charges as contained in the Indictment. Pursuant to the Finding on Guilty Plea to the Indictment: "The State and Defendant agree to a jointly recommended prison sentence of: seven (7) years on each count for the underlying offenses in Counts 1-5; and thirty-six (36) months on Count 6, said sentences to be served concurrently to each other. Firearm Specifications in Counts 1-5 merge for purposes of sentencing and the Defendant is sentenced to a mandatory prison sentence of three (3) years, said sentence to be served prior and consecutive to the underlying sentences for an aggregate sentence of ten (10) years. Further, said sentence to be served concurrently to the sentence imposed in Federal Case No. 4:08CR00432." The trial court accepted Pinchon's plea and found him guilty of the offenses.[1] Pursuant to the April 15, 2014 Entry on

---

1. No transcript of the plea and sentencing hearing has been filed with this court. The duty to provide a transcript falls upon the appellant and "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record," the validity of the proceedings is presumed as to those errors. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Neither party references any statements made at these hearings which would impact this court's resolution of the issues raised on appeal and, thus, we will address the merits of Pinchon's arguments based on the record before this court.

Sentence, Pinchon was ordered to serve the sentence jointly recommended in the plea agreement.

{¶4} The United States District Court for the Northern District of Ohio held a supervised probation revocation hearing in Case No. 4:08CR00432 on September 25, 2014, at which Pinchon admitted to violating the conditions of his supervised release by committing a "law violation." The federal court sentenced Pinchon to serve two years in prison for the violation, to run "consecutive to his state sentence."

{¶5} On May 3, 2019, Pinchon filed a Motion to Provide Specific Performance or Rescind Plea Agreement, pursuant to Crim.R. 32.1, in the Trumbull County Court of Common Pleas, in which he argued that he had believed, based on the jointly recommended sentence in the plea agreement, that he would only receive a ten-year total sentence for the state conviction and federal probation violation. This contention was based on the portion of the recommendation stating that the ten-year state sentence was "to be served concurrently to the sentence imposed in Federal Case No. 4:08CR00432." Thus, he should be able to withdraw his plea or have his state sentence reduced, since he is serving twelve years instead of ten as he expected.

{¶6} The court denied Pinchon's Motion in a May 7, 2019 Judgment Entry.

{¶7} Pinchon timely appeals and raises the following assignments of error:

{¶8} "[1.] The trial court breached Pinchon's plea agreement by denying his Motion for Specific Performance, in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution.

{¶9} "[2.] Because Pinchon's plea agreement was premised on an unfulfillable,

3

illusory promise it is void and in violation of his Due Process protections under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section § 10 of the Ohio Constitution."

{¶10} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1; *State v. Reyes*, 11th Dist. Portage No. 2013-P-0049, 2014-Ohio-1679, ¶ 12 ("[w]hen a Crim.R. 32.1 motion to withdraw a guilty plea is made following the imposition of sentence, the defendant will only be entitled to relief when he carries the burden of establishing that the withdrawal is needed to correct a manifest injustice"). A manifest injustice has been described as "an obvious, unjust act or fundamental flaw in the proceedings." *State v. Bell*, 11th Dist. Portage No. 2018-P-0016, 2018-Ohio-4373, ¶ 10. A ruling on a post-sentence motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Selvaggio*, 11th Dist. Lake No. 2017-L-128, 2018-Ohio-3532, ¶ 12.

{¶11} In his first assignment of error, Pinchon argues that he should be permitted to withdraw his plea or be given a reduction of his state sentence since the plea agreement was breached when he received a sentence greater than the ten-year total sentence he expected for his state crimes and the federal probation violation.

{¶12} "A negotiated plea agreement is essentially a contract between the state and the defendant." *State v. Fetty*, 11th Dist. Portage No. 2010-P-0021, 2011-Ohio-3894, ¶ 21. "A plea agreement is an essential part of the criminal justice system. * * * A defendant has a contractual right to enforcement of the prosecutor's obligations under

4

the plea agreement after the plea has been accepted by the court." (Citations omitted.) *State v. Johnson*, 11th Dist. Trumbull No. 2016-T-0091, 2018-Ohio-2465, ¶ 16; *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In the event of a breach, "[t]he trial court may either allow the negotiated plea to be withdrawn or, alternatively, may require the specific performance of the plea bargain by ordering the prosecution to fulfill its promise." *State v. Olivarez*, 11th Dist. Lake No. 97-L-288, 1999 WL 262158, *3 (Mar. 31, 1999), citing *Santobello* at 263.

{¶13} The pertinent portion of the plea agreement required the State to jointly recommend an aggregate sentence of ten years for the state offenses and recommend "said sentence to be served concurrently to the sentence imposed in Federal Case No. 4:08CR00432." Initially, we note that the exact reason for including the recommendation that the state sentence was "to be served concurrently to the sentence imposed in Federal Case No. 4:08CR00432" is not entirely clear. Both the State and Pinchon agree that he was on probation in his federal case at the time he entered the guilty plea in the present matter and it would appear there was no existing federal prison term with which to serve the state sentence concurrently. The jointly recommended sentence also does not state that it applies to a *future* federal prison term or mention a probation violation. Of note, it has been held that a court cannot order a sentence "to be served consecutively with any future sentence to be imposed" since "such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences." *State v. White*, 18 Ohio St.3d 340, 342-343, 481 N.E.2d 596 (1985); *State v. Moore*, 11th Dist. Trumbull No. 2015-T-0072, 2017-Ohio-7024, ¶ 55 (finding an Ohio trial court may not order a sentence to be served

consecutively with a future federal sentence). This logic has also been applied to determine that a trial court's sentencing order that a future sentence be served concurrently cannot "vitiate the authority of other courts to impose consecutive sentences." *State ex rel. Miller v. Bower*, 156 Ohio St.3d 455, 2019-Ohio-1623, 129 N.E.3d 389, ¶ 12. In the present matter, unlike in *Miller*, *Moore*, and *White*, the sentence issued by the lower court did not state that it was to be served concurrently with a "future" prison term. Regardless, the issue raised by Pinchon is not whether the trial court could validly order a future sentence to run concurrently but, whether the plea agreement was breached and whether his plea was void and involuntary as the result of an unfulfillable promise.

{¶14} While Pinchon raises concerns with the breach of the plea agreement in relation to the court rather than the State, the plea agreement was entered between Pinchon and the State. As to this issue, we hold that the State did not breach the terms of the plea agreement. It agreed to jointly recommend the aforementioned sentence and Pinchon does not contend that it failed to do so. The fact that the federal court subsequently sentenced Pinchon to a consecutive two-year term for his federal probation violation is unrelated to any promises or agreements made by the State. Pursuant to the plea agreement, the State agreed "to a jointly recommended sentence," not that Pinchon would *receive* any particular federal or state sentence. Such a promise would also be impermissible given that a trial court is not bound by a State's sentencing recommendation. *See Reyes*, 2014-Ohio-1679, at ¶ 16 (there was no breach of the plea agreement when the State promised to make a joint recommendation and did not represent that the court would give the recommended term). While Pinchon contends

6

that it was his "understanding" the plea agreement was intended to encompass his sentence for the federal probation violation as well, nothing in the record or plea agreement corroborates that he was made such a promise.

{¶15} Pinchon also argues that the judge breached an agreement with him, citing *State v. Stanley*, 8th Dist. Cuyahoga No. 43469, 1981 WL 4727 (Dec. 31, 1981), for the proposition that a defendant can withdraw his plea or receive specific performance when a judge makes a promise he fails to keep. In *Stanley*, the judge promised a defendant he would receive probation prior to accepting his guilty plea but informed the defendant at sentencing he would not order such a sentence. *Id.* at *1. Under these circumstances, the appellate court determined that the defendant was entitled to specific performance. *Id.* at *4. Here, there is no indication the judge made any promise regarding the sentence to lead Pinchon to enter his plea and there was no agreement that the judge breached. While Pinchon contends that the court breached the plea agreement by failing to reduce his state sentence to eight years, consistent with his belief that he should receive a ten-year total sentence for the state convictions and federal probation violation, as will be discussed in the following assignment of error, this interpretation of the terms of the plea agreement lacks merit.

{¶16} The first assignment of error is without merit.

{¶17} In Pinchon's second assignment of error, he argues he should be allowed to withdraw his plea as void and involuntarily given. He contends that it was induced by promises that were "illusory" and unfulfilled or unfulfillable, since he was led to believe his ten-year sentence in the state court precluded him from receiving an additional term for the federal probation violation.

7

{¶18} "A guilty plea entered in a criminal case must be made knowingly, intelligently, and voluntarily to be valid under both the United States and Ohio Constitutions." *State v. Ralston*, 2018-Ohio-4946, 126 N.E.3d 234, ¶ 5 (11th Dist.), citing *Boykin v. Alabama*, 395 U.S. 238, 241, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). A plea is not made knowingly and voluntarily and is rendered void when it is based on a promise that is not fulfillable or performable. *State v. Bowen*, 52 Ohio St.2d 27, 29, 368 N.E.2d 843 (1977); *State v. Barajas-Larios*, 178 Ohio App.3d 613, 2008-Ohio-5460, 899 N.E.2d 212, ¶ 19 (2d Dist.).

{¶19} We emphasize that in order for the trial court to allow the withdrawal of a guilty plea post-sentencing, "the defendant has the burden of establishing the existence of a manifest injustice, which is an obvious, unjust act or fundamental flaw in the proceedings." *Bell*, 2018-Ohio-4373, at ¶ 10. Based on the record before this court, we cannot say that Pinchon demonstrated a manifest injustice or that an unfulfillable promise was made which induced him to enter the plea. Pinchon's contention that he believed he would only receive a ten-year total sentence for his state charges and his federal probation violation, and could not be given a consecutive sentence by the federal court for the violation, thus being induced to enter the plea involuntarily, is undercut by several facts in the record.

{¶20} First, the plea agreement signed by Pinchon states the following: "I understand that my plea of guilty may result in an additional sentence for parole or post release control violation, and/or probation or community control sanction violation. I understand that any such sentence shall be consecutive to the instant sentence, if any."

8

The fact that Pinchon's additional sentence for the federal probation violation was ordered to be served consecutively with the state sentence is consistent with this term of the plea agreement. Pinchon's interpretation of the joint recommendation is at odds with the inclusion of this term.

{¶21} Second, it has been held that "[a]n undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus; *State v. Pough*, 11th Dist. Trumbull No. 2015-T-0095, 2016-Ohio-1315, ¶ 24. While Pinchon contends that he understood the plea agreement to mean that the federal court could not order him to serve a consecutive sentence for the probation violation, after it ordered such a sentence, he did not immediately seek to withdraw his plea. Rather, over four and a half years passed between the time of the federal sentencing until he filed a motion to withdraw his plea. This weighs against the credibility of his assertion that his plea was entered based upon reliance on the promise he would not receive a consecutive federal prison term for the probation violation.

{¶22} Finally, the jointly recommended sentence, as well as the sentence ordered by the lower court, does not state that the sentence for Pinchon's state convictions would run concurrently with a *future* federal sentence or for a probation violation sentence, but only with "the sentence imposed" in the pertinent federal case. At the time of the plea hearing on April 10, 2014, Pinchon had not yet been found by the federal court to have violated his probation and a hearing on the violation was not held

9

until September 25, 2018. Pinchon points to nothing in the record demonstrating he was promised that the agreed upon sentence was intended to specifically relate to a potential future federal sentence. He fails to demonstrate specific guarantees or promises that led him to interpret the sentence in the manner he contends and, thus, fails to show manifest injustice. *See State v. Baugh*, 11th Dist. Trumbull No. 2017-T-0076, 2018-Ohio-2452, ¶ 15 (a manifest injustice was not demonstrated by the defendant's alleged "misunderstanding" of his sentence in the absence of an "affirmative misrepresentation" or indication that his decision to plead was contingent upon the misunderstanding).

{¶23} The second assignment of error is without merit.

{¶24} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, denying Pinchon's motion for "specific performance" or to withdraw his plea, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.